# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*   \*
DARRELL LAMONT TATUM,              \*
                                   \*   No. 17-1966V
         Petitioner,               \*   Special Master Christian J. Moran
                                   \*
v.                                 \*   Filed: December 28, 2020
                                   \*
SECRETARY OF HEALTH                \*   Stipulation; Tdap vaccine;
AND HUMAN SERVICES,                \*   influenza ("flu") vaccine;
                                   \*   Guillain-Barré syndrome ("GBS");
                                   \*   chronic inflammatory demyelinating
         Respondent.               \*   polyneuropathy ("CIDP").
\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*   \*

<u>Howard S. Gold</u>, Gold Law Firm, LLC, Wellesley Hills, MA, for Petitioner;
<u>Debra A. Filteau Begley,</u> United States Dep't of Justice, Washington, DC, for Respondent.

## UNPUBLISHED DECISION[1]

On December 28, 2020, the parties filed a joint stipulation concerning the petition for compensation filed by Darrell Lamont Tatum on December 18, 2017. Petitioner alleged that the Tdap vaccine and the influenza ("flu") vaccine he received on February 20, 2015, and March 6, 2015 respectively, which is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. §100.3(a), caused him to suffer Guillain-Barré syndrome and chronic inflammatory demyelinating polyneuropathy. Petitioner further alleges that he suffered the residual effects of these injuries for more than six months. Petitioner represents that there has been no prior award or settlement of a civil action for damages on his behalf as a result of his condition.

---

[1] The E-Government Act, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services), requires that the Court post this decision on its website. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

Respondent denies that the vaccines either caused or significantly aggravated petitioner's alleged injuries or any other injury, and denies that petitioner's current disabilities are the result of a vaccine-related injury.

Nevertheless, the parties agree to the joint stipulation, attached hereto. The undersigned finds said stipulation reasonable and adopts it as the decision of the Court in awarding damages, on the terms set forth therein.

Damages awarded in that stipulation include:

1. **A lump sum payment of $145,000.00 in the form of a check payable to petitioner; and**

2. **A lump sum of $126,118.66, representing compensation for full satisfaction of the State of California Medicaid lien, in the form of a check jointly payable to petitioner and:**

   **Department of Health Care Services**
   **Recovery Branch – MS 4720**
   **P.O. Box 997421**
   **Sacramento, CA  95899-7421**
   **Account No. C93699892C-VAC03**

**These amounts represent compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).**

In the absence of a motion for review filed pursuant to RCFC, Appendix B, the clerk is directed to enter judgment according to this decision and the attached stipulation.[2]

**IT IS SO ORDERED**.

s/Christian J. Moran
Christian J. Moran
Special Master

---

[2] Pursuant to Vaccine Rule 11(a), the parties can expedite entry of judgment by each party filing a notice renouncing the right to seek review by a United States Court of Federal Claims judge.